**FILED**

at *10* O'clock & *4* min. *0* M

**JAN 11 2017**

United States Bankruptcy Court
Columbia, South Carolina

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO.: 15-04492-dd |
| Gup's Hill Plantation, LLC, | ) | |
|     Debtor in Possession | ) | |
| | ) | |
| Bettis C. Rainsford, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 16-80104 |
| | ) | |
| Apex Bank, Defendant. | ) | |
| _____ | ) | |

## APPELLANT'S DESIGNATION OF THE RECORD ON APPEAL

### AND

### HIS STATEMENT OF THE ISSUES

Appellant submits this Designation of the Record on Appeal and Statement of the Issues. Attached are the Docket entries kept by the bankruptcy clerk, the notice of appeal, the order being appealed and the Statement of Issues.

Respectfully submitted.

Bettis C. Rainsford, *Pro Se*
P.O. Box 388
Edgefield, South Carolina 29824
Telephone: 803-637-5304
Facsimile: 803-637-6066
brainsford@rainsforddevelopment.com

January 11, 2017
~~December 20, 2016~~
Edgefield, South Carolina

APPEAL

# United States Bankruptcy Court
## District of South Carolina (Columbia)
## Adversary Proceeding #: 16-80104-dd

*Assigned to:* Chief Judge David R. Duncan  
*Lead BK Case:* 15-04492  
*Lead BK Title:* Gup's Hill Plantation, LLC  
*Lead BK Chapter:* 11  
*Demand:*

*Date Filed:* 07/14/16  
*Date Dismissed:* 10/13/16

*Nature[s] of Suit:*  01 Determination of removed claim or cause

### Debtor
-------------------------

**Gup's Hill Plantation, LLC**  
P.O. Box 388  
Edgefield, SC 29824  
803-637-5304  
Tax ID / EIN: 58-2326475

represented **Gup's Hill Plantation, LLC**  
by PRO SE

### Plaintiff
-------------------------

**Bettis C. Rainsford**  
PO Box 388  
108 1/2 Court House Square  
Edgefield, SC 29824

represented **Bettis C. Rainsford**  
by PRO SE

V.

### Defendant
-------------------------

**Apex Bank**

represented **George Barry Cauthen**  
by PO Box 11070  
Columbia, SC 29211  
(803) 255-9425  
Email: George.Cauthen@nelsonmullins.com  
*LEAD ATTORNEY*

### U.S. Trustee
-------------------------

**US Trustee**

Strom Thurmond Federal Bldg
1835 Assembly Street
Suite 953
Columbia, SC 29201
(803) 765-5250

| Filing Date | # | Docket Text |
|---|---|---|
| 07/14/2016 | <u>1</u><br>(20 pgs; 3 docs) | Adversary case 16-80104. Notice of Removal from County of Edgefield Court of Common Pleas RE: Complaint by Bettis C. Rainsford against Apex Bank - Core Proceeding. Fee: 350.00. (Attachments: # <u>1</u> Exhibit A - Order Dismissing Case With Prejudice # <u>2</u> Exhibit B - Pleadings) (01 (Determination of removed claim or cause)) (Cauthen, George) Modified on 7/14/2016 to add "Notice of Removal from County of Edgefield Court of Common Pleas." (Weathers, K). (Entered: 07/14/2016) |
| 07/14/2016 | | Receipt of Filing Fee for Complaint(16-80104) [cmp,cmp] ( 350.00). Receipt Number 9638856, amount 350.00. (U.S. Treasury) (Entered: 07/14/2016) |
| 07/14/2016 | | Judge David R. Duncan added to case (Weathers, K) (Entered: 07/14/2016) |
| 07/15/2016 | <u>2</u><br>(2 pgs; 2 docs) | Order Directing Filing of Documents and Setting Status Conference. Document Served (related document(s)<u>1</u>). Status Conference scheduled for 8/11/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. (Weathers, K) (Entered: 07/18/2016) |
| 07/18/2016 | <u>3</u><br>(1 pg) | Exhibit relating to: Complaint filed by Plaintiff Bettis C. Rainsford *Filed Acknowledgment of Filing of Copy of Notice of Removal* Filed by George Barry Cauthen on behalf of Apex Bank. (related document(s)<u>1</u>). (Cauthen, George) (Entered: 07/18/2016) |
| 07/19/2016 | <u>4</u><br>(8 pgs) | Motion to Dismiss *Apex Banks Motion to Dismiss Complaint and Memorandum* with Certificate of Service Filed by Apex Bank. (Cauthen, George) (Entered: 07/19/2016) |
| 07/20/2016 | <u>5</u><br>(5 pgs) | Motion *Apex Bank's Motion to Consolidate Pending Claim Objection with Adversary Proceeding* Filed |

|  |  |  |
|---|---|---|
|  |  | by George Barry Cauthen on behalf of Apex Bank. (Cauthen, George) (Entered: 07/20/2016) |
| 07/20/2016 | 6 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 07/20/2016. (Related Doc # 2) (Admin.) (Entered: 07/21/2016) |
| 07/26/2016 | 7 (2 pgs; 2 docs) | Hearing scheduled relating to Apex Bank's Motion to Dismiss Complaint and Apex Bank's Motion to Consolidate Pending Claim Objection with Adversary Proceeding 16-80104 Filed by George Barry Cauthen on behalf of Apex Bank. **Document Served.** (related document(s)4, 5). Hearing scheduled for 8/18/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. Objections due by 8/8/2016. (Weathers, K) (Entered: 07/26/2016) |
| 07/27/2016 | 8 (5 pgs) | Statement of the Plaintiff Bettis C Rainsford in Response to the Defendant Apex Bank's Notice of Removal. (related document(s)1). (Weathers, K) (Entered: 07/28/2016) |
| 07/27/2016 | 9 (2 pgs) | Motion to Remand *to State Court* Filed by Bettis C. Rainsford. (Weathers, K) (Entered: 07/28/2016) |
| 07/28/2016 | 10 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 07/28/2016. (Related Doc # 7) (Admin.) (Entered: 07/29/2016) |
| 07/29/2016 | 11 (2 pgs; 2 docs) | Hearing scheduled relating to Motion to Remand to State Court Filed by Bettis C. Rainsford. **Document Served.** (related document(s)9). Hearing scheduled for 8/18/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. Objections due by 8/12/2016. (Weathers, K) (Entered: 07/29/2016) |
| 07/31/2016 | 12 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 07/31/2016. (Related Doc # 11) (Admin.) (Entered: 08/01/2016) |
| 08/01/2016 | 13 (5 pgs) | Amended Statement of the Plaintiff Bettis C. Rainsford in Response to the Defendant Apex Bank's Notice of Removal. (related document(s)8). (Weathers, K) (Entered: 08/02/2016) |

| 08/03/2016 | <u>14</u><br>(2 pgs) | Proposed Order RE: Hearing scheduled relating to Apex Bank's Motion to Dismiss Complaint and Apex Bank's Motion to Consolidate Pending Claim Objection with Adversary Proceeding 16-80104 Filed by George Barry Cauthen on behalf of Apex Bank. **Document Served**. (related document(s)<u>4</u>, <u>5</u>). Hearing scheduled for 8/18/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. Objections due by 8/8/2016., Hearing scheduled relating to Motion to Remand to State Court Filed by Bettis C. Rainsford. **Document Served**. (related document(s)<u>9</u>). Hearing scheduled for 8/18/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. Objections due by 8/12/2016. *Consent Order Continuing Hearings Scheduled for August 18, 2016* Filed by Apex Bank (related document(s) <u>11</u>, <u>7</u>). (Cauthen, George) (Entered: 08/03/2016) |
| 08/03/2016 | <u>15</u><br>(11 pgs) | Brief/Memorandum in Opposition to Defendant's Motion to Dismiss Filed by Bettis C. Rainsford. (related document(s)<u>4</u>). (Weathers, K) (Entered: 08/04/2016) |
| 08/03/2016 | <u>16</u><br>(2 pgs) | Withdrawal of Motion for Remand Reason for Withdrawal: Plaintiff's request Filed by Bettis C. Rainsford. (related document(s)<u>9</u>). (Weathers, K) (Entered: 08/04/2016) |
| 08/03/2016 | <u>17</u><br>(3 pgs) | Brief/Memorandum in Opposition to Motion to Consolidate Pending Claim Objection with Adversary Proceeding Filed by Bettis C. Rainsford. (related document(s)<u>5</u>). (Weathers, K) (Entered: 08/04/2016) |
| 08/04/2016 | <u>18</u><br>(2 pgs) | Proposed Order RE: Hearing scheduled relating to Motion to Remand to State Court Filed by Bettis C. Rainsford. **Document Served**. (related document(s) <u>9</u>). Hearing scheduled for 8/18/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. Objections due by 8/12/2016. *Consent Order Continuing Hearings Scheduled for August 18, 2016* Filed by Apex Bank (related document(s)<u>11</u>). (Cauthen, George) (Entered: 08/04/2016) |
| 08/05/2016 | <u>19</u><br>(4 pgs; 2 docs) | Consent Order Continuing Hearings Scheduled for August 18, 2016 re: <u>4</u> Motion to Dismiss and Motion to Consolidate Claim Objection with Adversary Proceeding filed by Defendant Apex Bank |

| | | |
|---|---|---|
| | | Document Served (related document(s)4, 5). Hearing continued for 8/31/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. (Weathers, K) (Entered: 08/05/2016) |
| 08/07/2016 | 20 (4 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 08/07/2016. (Related Doc # 19) (Admin.) (Entered: 08/08/2016) |
| 08/10/2016 | 21 (12 pgs) | Reply to Motion to Dismiss filed by Defendant Apex Bank, Opposition Brief/Memorandum filed by Plaintiff Bettis C. Rainsford *Apex Banks Reply In Support of Its Motion to Dismiss Complaint* with Certificate of Service Filed by Apex Bank (related document(s)4, 15). (Cauthen, George) (Entered: 08/10/2016) |
| 08/11/2016 | 22 | Status Hearing Held. DD. Any amended complaint must be filed on or before August 22, 2016. (Miranda, P) Modified on 8/18/2016 at Chamber's direction to change the due date for the amended complaint to August 22, 2016 (Weathers, K). (Entered: 08/12/2016) |
| 08/22/2016 | 23 (10 pgs) | Plaintiff's Reply to Apex Bank's Reply of August 10, 2016 with Certificate of Service Filed by Bettis C. Rainsford (related document(s)21). (Weathers, K) (Entered: 08/23/2016) |
| 08/22/2016 | 24 (11 pgs) | Amended Complaint (related to: Complaint filed by Plaintiff Bettis C. Rainsford) (related document(s)1). (Weathers, K) (Entered: 08/23/2016) |
| 08/26/2016 | 25 (10 pgs) | Motion to Dismiss Adversary Proceeding *Apex Bank's Motion to Dismiss Amended Complaint With Prejudice* Filed by Apex Bank. (Cauthen, George). Related document(s) 24 Amended Complaint filed by Plaintiff Bettis C. Rainsford. Modified on 8/29/2016 to create the linkage to the Amended Complaint. (Weathers, K). (Entered: 08/26/2016) |
| 08/30/2016 | 26 (2 pgs; 2 docs) | The Court received a request from counsel for one of the parties to continue the hearings scheduled for August 31, 2016, due to counsel's required appearance at the same date and time in District Court. All parties consented to a continuance of the matters scheduled for hearing. Accordingly, with the |

| | | |
|---|---|---|
| | | consent of the parties, the matters scheduled for hearing on August 31, 2016 at 10:30 a.m. are continued to October 5, 2016 at 10:30 a.m. **AND IT IS SO ORDERED.** Signed by: Chief Judge David Duncan, US Bankruptcy Court - District of South Carolina (related document(s)25, 4, 5). Hearing scheduled for 10/5/2016 at 10:30 AM at Columbia. The case judge is David R. Duncan. (Hardesty, D) (Entered: 08/30/2016) |
| 09/01/2016 | 27 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 09/01/2016. (Related Doc # 26) (Admin.) (Entered: 09/02/2016) |
| 09/30/2016 | 28 (11 pgs) | Brief/Memorandum in Opposition to Motion to Dismiss Plaintiff's Amended Complaint with Prejudice Filed by Bettis C. Rainsford. (related document(s)25). (Weathers, K) (Entered: 09/30/2016) |
| 10/05/2016 | 29 | Hearing Held relating to: Motion to Dismiss Adversary Proceeding filed by Defendant Apex Bank. (related document(s)25) Order due from Chambers. (Miranda, P) (Entered: 10/05/2016) |
| 10/05/2016 | 31 (2 pgs; 2 docs) | Order on Motion *Apex Bank's Motion to Consolidate Pending Claim Objection with Adversary Proceeding* filed by Apex Bank. Motion is granted. **AND IT IS SO ORDERED.** Signed by: Chief Judge David Duncan, US Bankruptcy Court - District of South Carolina (related document(s)5). (Hardesty, D) (Entered: 10/05/2016) |
| 10/05/2016 | 32 | Hearing Held relating to: Motion to consolidate pending claim objection with adversary proceeding filed by Defendant Apex Bank. (related document(s) 5) Order entered. (Miranda, P) (Entered: 10/06/2016) |
| 10/08/2016 | 33 (2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/08/2016. (Related Doc # 31) (Admin.) (Entered: 10/09/2016) |
| 10/13/2016 | 34 (10 pgs; 2 docs) | Order Granting Motion to Dismiss Adversary Proceeding With Prejudice. Document Served. (Weathers, K). Related document(s) 4 (Entered: 10/14/2016) |

| | | |
|---|---|---|
| 10/16/2016 | 35<br>(2 pgs) | Certificate of Service of Document as served by the Bankruptcy Noticing Center. Notice Date 10/16/2016. (Related Doc # 34) (Admin.) (Entered: 10/17/2016) |
| 10/28/2016 | 36<br>(11 pgs) | Notice of Appeal to District Court re: 34 Order to Dismiss Adversary Proceeding . Filed by Bettis C. Rainsford. Appellant Designation due by 11/14/2016. (Phipps, S) (Entered: 10/28/2016) |
| 10/28/2016 | 37<br>(13 pgs) | Notice of Appeal Letter Sent To Bettis C. Rainsford, George B. Cauthen, Esq., Graham S. Mitchell, Esq., Served on October 28, 2016 By Regular Postage Filed by US Bankruptcy Court (related document(s) 36). (Phipps, S) (Entered: 10/28/2016) |
| 10/28/2016 | | Receipt of Appeal Filing Fee - $298.00 by NH. Receipt Number 276091. (admin) (Entered: 10/28/2016) |
| 12/14/2016 | 38<br>(2 pgs) | Transmittal of Record on Appeal to District Court Case No. 1603521 Filed by US Bankruptcy Court (related document(s)36). (Balliet, L) (Entered: 12/15/2016) |
| 12/15/2016 | 39 | Court Certificate of Mailing of re: Transmittal of Record on Appeal (USDC) Date Filed: 12/14/2016 Parties Served: Bettis C. Rainsford via Mail (related document(s)38) (Balliet, L) (Entered: 12/15/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/16/2016 15:09:09 | | | |
| PACER Login: | nmrs0003:4310666:0 | Client Code: | 04927/01500-GBC |
| Description: | Docket Report | Search Criteria: | 16-80104-dd Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 4 | Cost: | 0.40 |

FILED

at _____ O'clock & _____ min _____ M

OCT 28 2016

United States Bankruptcy Court
Columbia, South Carolina

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
|  | ) | CASE NO.: 15-04492-dd |
| Gup's Hill Plantation, LLC, | ) |  |
| Debtor in Possession | ) |  |
|  | ) |  |
| Bettis C. Rainsford, | ) |  |
| Plaintiff | ) |  |
|  | ) |  |
| vs. | ) | Adv. Pro. No. 16-80104 |
|  | ) |  |
| Apex Bank, Defendant. | ) |  |
| _____ | ) |  |

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

**Part 1: Identify the appellant**

1. Name of appellant: Bettis C. Rainsford

2. Positions of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal of an adversary proceeding: Plaintiff

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order of decree appealed from:  Order Granting Motion to Dismiss with Prejudice (attached).

2. State the date on which the judgment, order, or decree was entered: October 14, 2016.

**Part 3: Identify the other parties to the appeal**

1. Party:      Apex Bank      Attorneys:      Nelson Mullins Riley & Scarborough
George B. Cauthen, Esq.
Graham S. Mitchell, Esq.
1320 Main Street / 17th Floor
P.O. Box 11070 (29211-1070)
Columbia, SC 29201
803-799-2000

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

Not applicable, as appellant understands that there is no Bankruptcy Appellate Panel in the District of South Carolina.

**Part 5: Sign below**

Date: _October 27, 2016_

Signature of Appellant Pro Se

Bettis C. Rainsford, Pro Se
P.O. Box 388
Edgefield, South Carolina 29824
803-637-5304 (off)
803-384-0013 (cell)
brainsford@rainsforddevelopment.com

Fee of $298.00 attached herewith

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 12 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 3 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 1 of 9

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | C/A No. 15-04492-DD |
| Gup's Hill Plantation, LLC, | |
| | Adv. Pro. No. 16-80104-DD |
| Debtor. | |
| | Chapter 11 |
| Bettis C. Rainsford, | **ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |
| Plaintiff, | |
| v. | |
| Apex Bank, | |
| Defendant. | |

This matter is before the Court on a motion filed by Apex Bank ("Apex") on August 26, 2016 to dismiss Bettis C. Rainsford's ("Mr. Rainsford") amended complaint with prejudice [Docket No. 25]. Mr. Rainsford filed a memorandum in opposition to Apex's motion to dismiss on September 30, 2016 [Docket No. 28]. A hearing was held on October 5, 2016. At the conclusion of the hearing, the Court granted Apex's motion. The Court now issues this Order.

### BACKGROUND

1.    Mr. Rainsford commenced this action on May 31, 2016 in the Edgefield County Court of Common Pleas, asserting causes of action for breach of contract and enforcement of an agreement. Apex removed the proceeding to this Court on July 14, 2016 [Docket No. 1].

2.    Apex filed a motion to dismiss the original complaint on July 19, 2016 [Docket No. 4]. Mr. Rainsford filed a memorandum in opposition on August 3, 2016 [Docket No. 15]. Apex filed a reply on August 10, 2016 [Docket No. 21], and Mr. Rainsford filed another response on August 22, 2016 [Docket No. 23].

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 13 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 4 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 2 of 9

3.    Mr. Rainsford filed his amended complaint on August 22, 2016 [Docket No. 24].

Apex filed its motion to dismiss the amended complaint on August 26, 2016 [Docket No. 25]. Mr.

Rainsford filed his memorandum in opposition to the motion to dismiss the amended complaint

on September 30, 2016 [Docket No. 28].

4.    Gup's Hill Plantation, LLC's chapter 11 bankruptcy case was filed on August 18,

2015. Mr. Rainsford is the sole member of the debtor.

5.    Apex filed its proof of claim in Gup's Hill Plantation, LLC's bankruptcy case on

May 10, 2016. Apex asserts a claim in the amount of $1,439,286.39, based on a judgment against

Mr. Rainsford and his former business partner. The judgment attached to real property that Mr.

Rainsford later transferred to Gup's Hill Plantation, LLC. Apex acquired the judgment from

SunTrust Bank on October 29, 2015.

6.    In the summer of 2015, Mr. Rainsford was approached by Kevin Molony, an

attorney who represented himself to Mr. Rainsford as an attorney for Apex.[1] Mr. Molony was

attempting to obtain information about two of Mr. Rainsford's former business partners in

connection with Apex's attempts to collect unrelated debts owed by those individuals to Apex.

7.    In October 2015, Mr. Rainsford again met with Mr. Molony. During that meeting,

Mr. Molony advised Mr. Rainsford that Apex was considering the purchase of the judgment at

issue here, and intended to pursue collection against Mr. Rainsford's former business partner. Mr.

Rainsford raised the issue that he was also obligated on that judgment.

8.    Mr. Rainsford and Mr. Molony discussed the possibility of Apex agreeing to

forbear from pursuing Mr. Rainsford and his companies if that judgment was acquired, in exchange

for Mr. Rainsford providing information to Apex regarding his former business partner's assets

---

[1] The facts set forth in this Order are taken from Mr. Rainsford's amended complaint and are accepted as true for purposes of the Court's consideration of Apex's motion to dismiss.

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 14 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 5 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 3 of 9

and executing deeds in lieu of foreclosure to Apex on two lots owned by one of Mr. Rainsford's companies and subject to a mortgage lien held by Apex. Mr. Rainsford provided information regarding his former business partner's assets to Mr. Molony during this conversation.

9.     Mr. Molony suggested that Mr. Rainsford draft documents to memorialize these discussions for execution by an officer of Apex.

10.     On October 7, 2015, Mr. Rainsford sent an email to Mr. Molony providing a draft settlement agreement and proposed deed in lieu of foreclosure. Mr. Molony responded on the same date, requesting a change to the documents. He stated, "If you are satisfied with adding that language, I'll get it to the bank and try to have this done by tomorrow. . . . [T]hat sentence would allow us to knock this out in my opinion."

11.     Mr. Rainsford made the requested change to the documents and sent them back to Mr. Molony. Mr. Rainsford followed up with Mr. Molony on several occasions, and in each conversation Mr. Molony stated that the executed documents would soon be returned.

12.     Mr. Rainsford alleges that Mr. Molony repeatedly advised him that he had authority to bind Apex to their agreement.

13.     On October 28, 2015, Mr. Molony advised Mr. Rainsford that "the bank's CEO has become involved and that he's in charge now." The agreement and the deed in lieu of foreclosure were never signed by Apex.

14.     Apex completed the acquisition of the SunTrust judgment on October 29, 2015.

## CONCLUSIONS OF LAW

Fed. R. Civ. Pro. 8(a)(2)[2] requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A party may challenge the sufficiency of a

---

[2] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7008.

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 15 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 6 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 4 of 9

pleading by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[3]. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Apex's motion seeks dismissal of Mr. Rainsford's amended complaint with prejudice on three main grounds. Because the alleged agreement between Apex and Mr. Rainsford, as discussed in more detail below, fails to satisfy the South Carolina Statute of Frauds, the amended complaint fails to state a claim upon which relief can be granted as a matter of law, and must be dismissed.

The alleged agreement between Apex and Mr. Rainsford is subject to the South Carolina Statute of Frauds since it involves transfer of title of real property. Apex argues that because Mr. Rainsford has failed to produce any writing signed by a representative of Apex with authority to bind Apex, the alleged agreement does not meet the requirements of the South Carolina Statute of Frauds. Mr. Rainsford responds that his email exchange with Mr. Molony, attached to his amended complaint as Exhibit C, constitutes a writing that satisfies the South Carolina Statute of Frauds and that Mr. Molony had authority to bind Apex to the agreement.

The South Carolina Statute of Frauds is found at S.C. Code § 32-3-10 and provides:

No action shall be brought whereby:

(1) To charge any executor or administrator upon any special promise to answer damages out of his own estate;
(2) To charge the defendant upon any special promise to answer for the debt, default or miscarriage of another person;
(3) To charge any person upon any agreement made upon consideration of marriage;
(4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them; or

---

[3] Made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012.

4

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 16 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 7 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 5 of 9

(5) To charge any person upon any agreement that is not to be performed within the space of one year from the making thereof;

Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

"To satisfy the Statute of Frauds, every essential element of the contract must be expressed in a writing signed by the party to be compelled." *Fici v. Koon*, 372 S.C. 341, 346 (2007) (citing *Cash v. Maddox*, 265 S.C. 480, 220 S.E.2d 121 (1975); *Speed v. Speed*, 213 S.C. 401, 49 S.E.2d 588 (1948)). *See also Springob v. University of South Carolina*, 407 S.C. 490, 496 (2014) ("In order to satisfy the statute of frauds, there must be a writing signed by the party against whom enforcement is sought, and 'the writings must establish the essential terms of the contract without resort to parol evidence.'") (quoting *Cash v. Maddox*, 265 S.C. 480, 220 S.E.2d 121 (1975)). "The burden of proof is on the party seeking to enforce the contract." *Fici*, 372 S.C. at 346 (citing *Cash v. Maddox*, 265 S.C. 480, 220 S.E.2d 121 (1975)).

Because the alleged agreement between Mr. Rainsford and Apex envisioned the transfer of two lots to Apex by one of Mr. Rainsford's business interests, it involved the transfer of an interest in land and falls under S.C. Code § 32-3-10(4). As a result, for the agreement to be enforceable, a writing must exist that contains both the essential terms of the parties' agreement and the signature of an authorized representative of Apex, the party against whom Mr. Rainsford seeks to enforce the agreement. Although Mr. Rainsford argues that the email satisfies the requirement of a writing, the email is not sufficient to satisfy the requirements of S.C. Code § 32-3-10(4), both because the email from Mr. Molony was, at best, a counterproposal, and because Mr. Molony did not have authority to bind Apex.

South Carolina law recognizes both actual and apparent authority. "[A]ctual authority is expressly conferred upon the agent by the principal." *Roberson v. S. Finance of South Carolina,*

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 17 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 8 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 6 of 9

*Inc.*, 365 S.C. 6, 11 (2005) (citing *Moore v. North Am. Van Lines*, 310 S.C. 236, 239, 423 S.E.2d

116, 118 (1992)); *see also Anderson Bros. Bank v. EBT Prop. Holding Co., Inc.*, 2013 WL

8507807, at *3 (S.C. Ct App. Mar. 13, 2013) ("Actual authority is expressly conferred upon the

agent by the principal."). The amended complaint contains only allegations regarding Mr.

Rainsford's conversations with Mr. Molony – it does not contain any allegations of Mr. Molony's

actual authority as conferred by Apex. Mr. Rainsford argues in his memorandum in opposition to

the motion to dismiss that actual authority exists because Mr. Hailey, a representative of Apex,

made statements to him "through Mr. Molony" regarding Mr. Molony's ability to bind Apex.

However, statements made by an alleged agent are not sufficient to establish actual authority.

There are also no sufficient allegations of apparent authority. Under South Carolina law,

> 'Apparent authority to do an act is created as to a third person by written or
> spoken words *or any other conduct of the principal* which, reasonably
> interpreted, causes the third person to believe the principal consents to have
> the act done on his behalf by the person purporting to act for him.' 'Either
> the principal must intend to cause the third person to believe that the agent
> is authorized to act for him, or he should realize that his conduct is likely to
> create such belief.' 'Moreover, an agency may not be established solely by
> the declarations and conduct of an alleged agent.'

*Froneberger v. Smith*, 406 S.C. 37, 47 (Ct. App. 2013) (internal citations omitted).    Again, Mr.

Rainsford relies solely on statements made by Mr. Molony, the alleged agent, to establish that Mr.

Molony possessed authority to bind Apex.    There is no allegation of any representation by Apex

as to Mr. Molony's authority, other than those allegedly made by Mr. Hailey through Mr. Molony.

These statements are not sufficient to establish apparent authority under South Carolina law.

Finally, we turn to Mr. Molony's status as an attorney. Without express authority from the

client, an attorney does not have the power to bind a client in matters outside the context of pending

litigation. *See Ex parte Jones*, 47 S.C. 393 (1896) ("Counsel for appellant argues that an attorney

has no power to release a lien, or substitute one security for another, without express authority

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document    Page 18 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document    Page 9 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 7 of 9

from the client, and cites such cases . . . . But such cases do not apply. It is true that attorneys, under their general authority as such, have no such powers; but there is a wide and clear distinction between the acts of attorneys under their general authority in matters not in court, and the acts of attorneys in the conduct and progress of a suit in court."). *See also Graves v. Serbin Farms, Inc.,* 295 S.C. 391, 393 (Ct. App. 1988) ("It, then, is the well-settled law of this state that the authority of an attorney of record to settle claims is limited to the claims presented by the pleadings in a given case and that any settlement that goes beyond these matters must be expressly agreed to be the client."); *Arnold v. Yarborough,* 281 S.C. 570, 572 (Ct. App. 1984) ("Our Supreme Court held there is a vast distinction between the acts of an attorney within his general authority in a matter not in court and his acts during the conduct and progress of a suit in court."); *Hall v. Benefit Ass'n of Ry. Employees,* 164 S.C. 80 (1932) ("But even in cases where actions are pending, and attorneys are of record, there is a border line beyond which they cannot go and bind their clients. Attorneys, as such, without express authority, have no right to compromise or settle their clients' rights, to release a lien, or substitute one security for another, in matters not in court.") (citing *Ex parte Jones,* 47 S.C. 393; *Dixon v. Floyd,* 73 S.C. 202 (1906)). The Fourth Circuit has stated:[4]

> The attorney-client relationship, by custom, however, does not imply that an attorney has authority to act as principal and resolve matters of substance. . . . Thus, when a client retains an attorney to represent the client in litigation, the implied authority of the attorney is limited to conducting procedures and taking necessary steps to prosecute or defend the client in the litigation. Substantive decisions of whether to bring suit, to dismiss suit, or to settle are not by implication ones that the attorney is authorized to make. Similarly, when a client retains an attorney to represent the client in a transaction, the attorney has implied authority to negotiate the terms of an agreement or operative papers to their final form. But custom of the relationship does not imply an authority for the attorney to execute the documents on behalf of the client. This becomes particularly evident when the form of a contract is one which calls for the signature of the principals.

---

[4] This case involved an interpretation of North Carolina law and cited to the Restatement (Second) of Agency, as well as case law from North Carolina, Ohio, and Massachusetts. These principles appear in accord with South Carolina law.

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document        Page 19 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document        Page 10 of 11

Case 16-80104-dd    Doc 34-2    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc
Order Granting Motion to Dismiss with Prejudice    Page 8 of 9

*Schafer v. Barrier Island Station, Inc.*, 946 F.2d 1075, 1079 (4th Cir. 1991) (internal citations omitted).

At the time that Mr. Rainsford and Mr. Molony's discussions regarding the agreement took place, there was no litigation between Mr. Rainsford and Apex regarding the SunTrust judgment. In fact, the email that Mr. Rainsford relies on in seeking to establish the parties had a binding agreement is dated October 7, 2015, and on that date, Apex did not own the judgment. Because there was no pending litigation, absent express authorization from Apex, Mr. Molony did not have the ability to bind Apex to the agreement. It is also significant that the unsigned settlement agreement, attached to the amended complaint as Exhibit A, required the signature of someone other than Mr. Molony.

Based on the allegations asserted in the amended complaint, Mr. Molony did not have the authority to bind Apex to the alleged agreement. Accordingly, the October 7, 2015 email exchange between Mr. Rainsford and Mr. Molony is not sufficient to satisfy the South Carolina Statute of Frauds. The agreement is unenforceable under S.C. Code § 32-3-10, and Mr. Rainsford's amended complaint must be dismissed.[5]

Mr. Rainsford previously amended his complaint, and any further amendment which could withstand a motion to dismiss would require alteration of the facts, which have been fully set forth in the responses and memoranda filed by Mr. Rainsford. Therefore, Mr. Rainsford will not be permitted to further amend his complaint.

---

[5] Because of this disposition, it is unnecessary to address Apex's remaining grounds for dismissal.

Case 16-80104-dd    Doc 40    Filed 01/11/17    Entered 01/11/17 15:52:34    Desc Main
Document       Page 20 of 23
Case 16-80104-dd    Doc 36    Filed 10/28/16    Entered 10/28/16 14:53:20    Desc Main
Document       Page 11 of 11

Case 16-80104-dd    Doc 34-1    Filed 10/13/16    Entered 10/14/16 08:56:36    Desc PDF
Document as Notice: Notice Recipients    Page 1 of 1

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0420−3 | User: weathers | Date Created: 10/14/2016 |
| Case: 16−80104−dd | Form ID: pdf01 | Total: 2 |

**Recipients of Notice of Electronic Filing:**

aty        George Barry Cauthen            George.Cauthen@nelsonmullins.com

TOTAL: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

pla        Bettis C. Rainsford        PO Box 388        108 1/2 Court House Square        Edgefield, SC 29824

TOTAL: 1

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO.: 15-04492-dd |
| Gup's Hill Plantation, LLC, | ) | |
|     Debtor in Possession | ) | |
| | ) | |
| Bettis C. Rainsford, | ) | |
|     Plaintiff | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 16-80104 |
| | ) | |
| Apex Bank, Defendant. | ) | |
| _____ | ) | |

### STATEMENT OF ISSUES

The Bankruptcy Court for the District of South Carolina dismissed Appellant's Complaint on the ground that the Complaint failed to satisfy the South Carolina Statute of Frauds. The issue is not whether the Appellant might ultimately be able to meet the requirements of the Statute of Frauds, but whether a dismissal at this stage, prior to the Appellant's opportunity for discovery, was appropriate.

The Plaintiff's Complaint clearly sets forth detailed facts which are adequate to sustain his case:

1)     A written document – an email – sent to Plaintiff by Defendant's attorney was attached to the Complaint and clearly could be interpreted as establishing an agreement between the Plaintiff and the Defendant.

2)     The Complaint sets forth detailed facts which could establish that the Defendant's attorney had actual authority to enter into the agreement.

3)     The Complaint sets forth detailed facts which could establish that the Defendant's attorney had apparent authority to enter into the agreement.

4)     The Complaint sets forth detailed facts which could establish that the Defendant's attorney had apparent authority as the Defendant's attorney to enter into the agreement.

Plaintiff believes that the Judge's dismissal of the case with prejudice was in error and that the Plaintiff should not be deprived of the opportunity of discovery to further validate the claims made in his complaint.

      For the reasons set forth above, the Appellant respectfully asks that his appeal be considered.

_____        **Date:**  _1-10-17_____

Signature of Appellant Pro Se

Bettis C. Rainsford, *Pro Se*
P.O. Box 388
Edgefield, South Carolina 29824
803-637-5304 (off)
803-384-0013 (cell)
brainsford@rainsforddevelopment.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | CASE NO.: 15-04492-dd |
| Gup's Hill Plantation, LLC, | ) | |
| Debtor in Possession | ) | |
| | ) | |
| Bettis C. Rainsford, | ) | **CERTIFICATE OF SERVICE** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adv. Pro. No. 16-80104 |
| | ) | |
| Apex Bank, Defendant. | ) | |
| _____ | ) | |

### CERTIFICATE OF SERVICE

I, the Appellant Bettis C. Rainsford ("Appellant"), do hereby certify that I have served all counsel in this action with a copy of the pleading hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following addresses:

Pleadings:           Designation of Record and Statement of Issues

Counsel Served:      Nelson Mullins Riley & Scarborough, LLP
                     Attn: George B. Cauthen
                     Attn: Graham S. Mitchell
                     1320 Main Street, 17th Floor
                     Columbia, SC 29201

                     U. S. Trustee
                     U. S. Trustee's Office
                     Strom Thurmond Federal Building
                     1835 Assembly Street, Suite 953
                     Columbia, SC 29201

Bettis C. Rainsford, *Pro Se*
P.O. Box 388
Edgefield, South Carolina 29824
Telephone: 803-637-5304
Facsimile: 803-637-6066
brainsford@rainsforddevelopment.com

January 10, 2017
Edgefield, South Carolina